**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 01-30812**
**Summary Calendar**

_____

**ALEX LEE HUBBARD,**

**Plaintiff-Appellant,**

**versus**

**SUB SEA INTERNATIONAL, ET AL.,**

**Defendants,**

**versus**

**DAVID W. OESTREICHER, II,**

**Movant-Appellee,**

**versus**

**ROBERT L. HACKETT,**

**Movant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Eastern District of Louisiana**
**(91-CV-4022-M)**

_____

March 29, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Robert L. Hackett, a lawyer representing himself, appeals the

district court's award of attorney's fees and expenses against him.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Hackett contends the court erred by denying his continuance motion and by admitting testimony at the hearing.

We review a continuance-denial for abuse of discretion and "will not substitute our judgment concerning the necessity of a continuance for that of the district court unless the complaining party demonstrates that it was prejudiced by the denial". *See* **Streber v. Hunter**, 221 F.3d 701, 736 (5th Cir. 2000) (internal quotation marks omitted); **Spinkellink v. Wainwright**, 578 F.2d 582, 590-91 n.11 (5th Cir. 1978), *cert. denied*, 440 U.S. 976 (1979). Claiming that the record speaks for itself, Hackett has not stated any claimed prejudice as a result of the denial. S*ee* **Streber**, 221 F.3d at 736. He has, therefore, not shown abuse of discretion. *See* **Spinkellink**, 578 F.2d at 590-91 n.11.

Concerning the challenged hearing testimony, Hackett has neither described the testimony nor identified any prejudice or harm resulting from its admission. Claiming permitting the testimony violated a district court local rule, Hackett did not even deem it necessary to include a transcript of the hearing in the record on appeal. He has totally failed to comply with FED. R. APP. P. 28(a)(9) (each argument must contain "appellant's contentions and the reasons for them" as well as "a concise statement of the applicable standard of review"). Thus, he has

abandoned this issue on appeal.  *E.g.,* ***Brinkmann v. Dallas County Deputy Sheriff Abner***, 813 F.2d 744, 748 (5th Cir. 1987).

*AFFIRMED*

3